# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ADAM CARNAL,                    )

                                 )

        Plaintiff,           )

                                 )

     vs.                    )     Case No. 4:15 CV 1816 CDP

                                 )

CITY OF CUBA, MISSOURI, et al.,   )

                                 )

        Defendants.     )

---

DANE CORBETT,              )

                                 )

        Plaintiff,           )

                                 )

     vs.                    )     Case No. 4:15 CV 1817 CEJ

                                 )

CITY OF CUBA, MISSOURI, et al.,   )

                                 )

        Defendants.     )

---

MICHAEL SHERMAN,         )

                                 )

        Plaintiff,           )

                                 )

     vs.                    )     Case No. 4:15 CV 1818 HEA

                                 )

CITY OF CUBA, MISSOURI, et al.,   )

                                 )

        Defendants.     )

JASON WILKERSON,                    )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )          Case No. 4:15 CV 1819 HEA
                                    )
CITY OF CUBA, MISSOURI, et al.,     )
                                    )
            Defendants.             )

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Adam Carnal is a former employee police officer of the defendant City of Cuba, Missouri.  He alleges he was terminated from his employment in retaliation for exercising his First Amendment rights, and he claims defendants City of Cuba, Ray Mortimeyer, Paul Crow, and Henry Copling conspired to have him removed from the City's employment in order to cover up their own wrongdoing.  Carnal has now filed a motion to consolidate his own case with three other pending cases, namely, Dane Corbett v. City of Cuba, Missouri, *et al*., No. 4:15-cv-1817 (CEJ); Michael Sherman v. City of Cuba, Missouri, *et al*., No. 4:15-cv-1818 (HEA); and Jason Wilkerson v. City of Cuba, Missouri, *et al*., No. 4:15-cv-1819 (HEA).  Carnal's motion has not been opposed by any of the defendants.

Rule 42(a) provides that a court may consolidate actions involving a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).  The district court has discretion in ruling on a motion to consolidate.  *Environmental Protection Agency*

*v. City of Green Forest, Arkansas*, 921 F.2d 1394, 1402 (8th Cir.1990). On review

of the complaints filed by plaintiffs, I find that all four actions involve common

questions of law and fact. Each of the four plaintiffs is a former police officer with

the City of Cuba police department who participated in investigating, compiling,

and submitting to the City of Cuba's Board of Alderman a list of complaints

against Cuba's chief of police. The plaintiffs all allege the defendants conspired to

terminate them in retaliation for these activities, and they have each pled a First

Amendment retaliation claim and a civil conspiracy claim against defendants based

on the alleged events. Defendants Ray Mortimeyer, mayor of Cuba; Paul Crow,

Cuba's chief of police; and the City of Cuba are named in all four actions. The

only material differences between the plaintiffs' complaints are the specific

members of the Board of Alderman who are named as defendants. In his motion to

consolidate, plaintiff Carnal notes that this disparity reflects only the fact that

different members of the Board participated in each of the termination decisions.

In light of the significant overlap of questions of law and fact among these

cases, consolidation is warranted.

For administrative ease, I will direct that three of the cases be

administratively closed, and all further filings be made only in Case No.

4:15CV1816 CDP. I will also direct plaintiff to file a consolidated amended

complaint in that case, setting out the claims of each of the four plaintiffs in one

document. Defendants will be required to file an answer only to that consolidated amended complaint, even though their answers to the amended complaints are past due in three of the four cases. The court will also assume that the parties wish to follow the Case Management Order previously entered in Case No. 4:15cv1816 CDP, unless the parties tell me otherwise.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to consolidate [17] is **GRANTED** and cases 4:15CV1816  CDP, 4:15CV1817 CEJ, 4:15CV1818 HEA, 4:15CV1819 HEA are consolidated for all purposes.  **All further filings shall be filed in Case No. 4:15CV1816  CDP only.**  The Clerk is ordered to administratively close case numbers 4:15CV1817 CEJ, 4:15CV1818 HEA, and 4:15CV1819 HEA.  **No further filings may be made in those cases**, and any motions pending in them are denied as moot.

**IT IS FURTHER ORDERED** that no later than **February 15, 2016** plaintiffs shall file a consolidated amended complaint setting out the claims of each of the four plaintiffs in one document.  Defendants shall file their answer to that consolidated amended complaint no later than **February 29, 2016.**

**IT IS FURTHER ORDERED** that if the parties seek any amendment to the Case Management Order because of this consolidation, they must file a motion to amend no later than **February 29, 2016.**  If no motion is filed by that date, the

parties will be bound by the Case Management Order and the Order Referring Case

to Alternative Dispute Resolution previously entered in Case No. 4:15CV1816

CDP.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2016.